UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                          Case No.: 17-13739-7

LEONARD JOHN KERSTEN
and JAMIE JO KERSTEN,

Debtors.

---

## DECISION

Debtors Leonard and Jamie Kersten filed a chapter 7 petition. The U.S.

Trustee filed a Motion to Dismiss under 11 U.S.C. §§ 707(a) and (b) for Debtors'

alleged abuse of the bankruptcy system. Debtors object to the Motion.

## STATEMENT OF FACTS

Debtor Leonard Kersten is a former employee of Kersten Lumber

Company, LLC ("KLC"). KLC alleged Mr. Kersten embezzled funds in excess of

$1.2 million and it filed an adversary proceeding seeking a declaration that the

debt is nondischargeable. Debtors did not file an answer. They state they do

not intend to contest KLC's claim. Rather, they filed this petition to discharge

their other debts in order to be able to pay back the KLC debt.

The U.S. Trustee's Motion is premised on the failure to file a form and

related information. Specifically, the Debtors did not file a Form B122A-2—a

form required for debtors with primarily consumer debt. The U.S. Trustee

alleges the KLC debt is consumer debt and therefore Debtors were required to

file the form. To support its claim, the U.S. Trustee suggests the embezzled

funds were used to pay Debtors' household expenses. Because the KLC debt is

consumer in nature, the U.S. Trustee argues, Debtors' failure to file the form
constitutes a violation of section 707 and therefore is cause to dismiss. The
Debtors dispute the characterization of the KLC debt.

## DISCUSSION

11 U.S.C. § 101(8) defines consumer debt as "debt incurred by an
individual primarily for a personal, family, or household purpose." Section
707(a) provides a court "may dismiss a case . . . only after notice and a hearing
and only for cause, including . . . (3) failure of the debtor in a voluntary case to
file . . . the information required by paragraph (1) of section 521(a)." Sections
707(b)(1) and 521(a) require a debtor "whose debts are primarily consumer" to
file a certificate known colloquially as a Form B122. Debtors' scheduled debts,
including an unsecured claim of $436,545 owed to KLC, total $703,071.65.
The Amended Complaint filed by KLC asserts the amount could be more than
$1.7 million. Regardless of the total amount, the KLC debt constitutes a
majority in dollar amount of Debtors' liabilities.

Section 707(b) empowers the Court to dismiss a case filed by an
individual "whose debts are primarily consumer debts . . . if it finds that the
granting of relief would be an abuse of the provisions of this chapter." The
threshold question under sections 707(a) and (b), therefore, is whether the
Debtors have primarily consumer debts.

      1. *Dismissal under section 707(a)*

In considering whether a debt is consumer, courts have formulated several definitions. Many have used the "profit motive" test wherein a debt is not consumer if it was incurred with an eye toward profit. *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988); *In re Terzo*, 502 B.R. 553, 557 (Bankr. N.D. Ill. 2013). In applying the test, the *Booth* court analyzed the actual use of the debtor's money. Though some of the loan proceeds were used toward personal expenses in that case, a majority was used toward a business venture. The court therefore held the debt was not "consumer" as contemplated in the statute.

Other courts have held that consumer debt must be incurred by volition. Under this theory, courts have declined to classify consumer debts as those that arose involuntarily, such as tax liabilities and tort judgments. *IRS v. Westberry (In re Westberry)*, 215 F.3d 589, 591 (6th Cir. 2000); *In re Marshalek*, 158 B.R. 704, 707 (Bankr. N.D. Ohio 1993). The emphasis in those cases is that while the action leading to the liability was intentional, the debtor did not intentionally incur the tax debt or judgment. *In re Peterson*, 524 B.R. 808, 813 (Bankr. S.D. Ind. 2015) (holding a judgment for an intentional tort was non-consumer because the judgment was incurred involuntarily). In at least one case, the court additionally reasoned a consumer debt "normally involves the extension of credit" to a consumer. *Westberry*, 215 F.3d at 591.

In this case, there is not yet a judgment against Debtors for their alleged embezzlement. Debtors do not dispute the debt and, based on their lack of a

response in the adversary proceeding and their statements that they will not oppose the judgment, it appears KLC will obtain a default judgment. There is no dispute over whether this debt arose from an extension of credit to a consumer—it clearly did not.

On the other hand, the language in the statute suggests any debt incurred with the *intent* to pay household expenses would be properly termed consumer debt. Under the strict language in the statute, the U.S. Trustee argues, the character of the debt is determined solely by the intent and proposed use of the funds. If the Debtors intended to use the embezzled funds to pay household expenses, then the debt is consumer under the U.S. Trustee's interpretation of the Code. While the parties do not dispute that some funds were used for household expenses, the source of the funds was a business in which Mr. Kersten was actively engaged and his access to those funds was that of the office manager. This was not the typical consumer extension of credit.

Ultimately, however, the Court does not need to reach the question of whether this debt is consumer because a dismissal under section 707(a) is discretionary. Again, under section 707 the Court "*may* dismiss a case . . . for cause." The Court declines to use its discretionary power to dismiss this case for several reasons. First, the lack of a Form B122 did not result in prejudice to any party in interest. Form B122 requires debtors to disclose income information and perform a means test. Debtors' financial information was available in the Schedules and any party in interest honestly seeking that information would have easily found it on the docket.

4

Second, as discussed above, there is a split in authority on how to define consumer debt. The U.S. Trustee claims funds were used for household expenses, but the Court has no evidence that would be probative of Debtors' intended or actual use of the funds. It appears reasonable Debtors' counsel could have looked at the proceeds from an embezzlement from a company where Mr. Kersten was the manager of his father's business for 20 years and justifiably determined it was non-consumer. In Mr. Kersten's capacity with KLC, he managed all of the company's finances. The Court declines to dismiss the case in this instance where counsel made a reasonable judgment about the nature of the debt and decided against filing a Form B122, a decision that did not result in prejudice to a party in interest.

2. *Dismissal under section 707(b)*

The U.S. Trustee additionally argues this Court should dismiss Debtors' case under section 707(b) because granting relief would allegedly result in an abuse. Section 707(b)(1) provides in relevant part the Court *may* "dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts."

As noted above, the U.S. Trustee has not produced evidence that would aid the Court in analyzing whether the embezzled funds are in fact consumer debt. The Court has no evidence demonstrating Debtors' intended use of the funds or how Debtors ultimately used them. Again, the Court will decline to exercise its discretionary power to dismiss under 707(b) where it does not have evidence that a debtor's obligations are primarily consumer or that this chapter

7 would be an abuse of the provisions of the Code. To the contrary, Debtors understand the KLC debt is nondischargeable and that an unopposed judgment will be entered. This filing addresses other debts as well. As noted by Debtors, the bankruptcy will aid the Debtors in addressing the non-dischargeable debt.

The U.S. Trustee also argues Debtors underestimated the amount of embezzled funds and have participated in "a decade of crime." While the U.S. Trustee is correct that Debtors underestimated the amount of the embezzled funds on their Schedules, the amount listed by Debtors was that initially provided to Mr. Kersten by KLC. Further, the Debtors do not contest KLC's updated accounting of the total debt. The question of the amount of debt owed to KLC is essentially moot. The Court does not reach a conclusion on whether Debtors partook in a decade of crime because the question is irrelevant. Debtors do not contest the nondischargeability of the KLC debt, and they apparently intend to pay it back.

## CONCLUSION

The Court declines to use its discretionary power to dismiss under section 707 and denies the U.S. Trustee's Motion to Dismiss.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated:  May 25, 2018

BY THE COURT:

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge